WASHINGTON, Chief Judge,
concurring:
While the evidence is sufficient to survive the challenge raiséd in this appeal, I write separately to express a concern I share with the trial judge in this case about the potential for saddling those who suffer from serious mental health issues with criminal records.[1] Here, appellant was convicted of APO for actively resisting the efforts of the police to restrain him in order to transport him to a mental health facility. It is not clear on this record, however, whether appellant’s oppositional conduct was the result of his mental illnesses or whether it had a separate genesis. And, while I certainly understand and appreciate the reasons why those who serve as mental health professionals on a Mobile Crisis team would want a police escort, I am troubled that the presence of the police during these mental health visits can result in an individual being charged with a criminal offense because we have criminalized active oppositional resistance to the authority of the police. Therefore, if for policy reasons police officers continue to accompany the Mobile Crisis team of mental health professionals on these runs, I hope that those individuals who have the discretion to decide whether to criminally *334 prosecute individuals who fail to comply with lawful orders will think twice before inflicting what could be considered a greater harm, in the form of a criminal charge and conviction, on a very vulnerable population.

. I also share the trial court’s concern about the apparent lack of specialized training that the police officers assisting the mobile crisis unit received in this case. That lack of training is inconsistent with the requirements outlined in MPD General Order 308.04 that addresses interactions between police and persons with mental health issues. If this training deficit is not addressed, it is reasonably foreseeable that more incidents like this will unnecessarily occur in the future.